# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-1027V**
**(Not to be published)**

* * * * * * * * * * * * * * * * * * * * * * * * *
MICHAEL BOYLE, *
Petitioner, *
v. *
SECRETARY OF HEALTH AND HUMAN SERVICES *
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * *

Filed: March 27, 2017

Decision on Attorneys' Fees and Costs

**DECISION (ATTORNEYS' FEES AND COSTS)**

**HASTINGS,** ***Special Master***

In this case under the National Vaccine Injury Compensation Program,[1] I issued a Decision on October 3, 2016. On March 15, 2017, Petitioner filed an application for attorneys' fees and costs in this matter. Petitioner requests a total award of $22,336.11; representing $20,539.00 for attorneys' fees, $1,777.11 for attorneys' costs, and $20.00 for Petitioner's own litigation expenses.

On March 21, 2017, Respondent filed a Response to Petitioner's Application for Attorneys' Fees and Costs, which stated that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (ECF No. 34, p. 2.) However, Respondent provided no specific comments concerning the amounts requested, and simply "recommends that the special master exercise his discretion [to] determine a reasonable award." (*Id*., p. 3.)

[1] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2012).

I find that this Petition was filed and pursued in good faith and with a reasonable basis. Thus, an award for fees and costs is appropriate at this time, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amounts seem reasonable and appropriate. Accordingly, I hereby award the following attorneys' fees and costs pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1):

- a lump sum of $22,316.11, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald C. Homer, on account of services performed by counsel's law firm.

- a lump sum of $20.00, in the form of a check payable to Petitioner, which represents petitioner's own litigation expenses in this case.

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED**

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing the right to seek review.